OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which ordered appellant to pay restitution to the Ottawa County Sheriff's Department in the amount of $1,855. For the reasons that follow, we affirm the judgment of the trial court.
Appellant, Melody K. Wilburn, sets forth the following as her sole assignment of error on appeal:
 "THE TRIAL COURT ERRED, IN SENTENCING DEFENDANT-APPELLANT TO PAY `RESTITUTION' TO THE SHERIFF'S DEPARTMENT FOR THE COSTS OF ITS INVESTIGATION."
On August 6, 1998, the Ottawa County Grand Jury returned an indictment which charged appellant with four drug-related offenses. The charges were made as a result of a sting operation conducted by the Ottawa County Sheriff's Department through the Ottawa County Drug Task Force ("Task Force"). On November 19, 1998, appellant pled guilty to one amended count of attempting to engage in a pattern of corrupt activity, in violation of R.C.2923.02 and R.C. 2923.32(A)(1), a third degree felony, in exchange for the dismissal of the original charges.
On January 22, 1999, a sentencing hearing was held. On January 27, 1999, the trial court filed a judgment entry in which it sentenced appellant to serve two years in the Marysville Reformatory for Women. In addition, the court ordered appellant to pay the costs of her prosecution pursuant to R.C.2929.19(A)(4), and to make restitution to the Sheriff's Department in the amount of $1,855 for the costs of its investigation. On February 19, 1999, a timely notice of appeal was filed.
Appellant argues in her sole assignment of error that "the trial court is without authority to charge her the government's expenses of investigation as restitution because there is no express statutory authority for such an order."
R.C. 2929.18(A)(4) authorizes the court imposing sentence to order any felony offender to pay "any or all of the costs of sanctions incurred by the government * * *." Pursuant to R.C. 2923.32(B)(2)(c), in addition to the financial sanctions authorized by R.C. 2929.18, the court may order any person convicted of violating R.C. 2923.32(A) "to pay to the state, municipal, or county law enforcement agencies that handled the investigation and prosecution the costs of investigation and prosecution that are reasonably incurred." Before making such an order, the court "shall hold a hearing to determine the amount of fine, court costs, and other costs to be imposed * * *." Id.
A formal hearing was not held in this case to determine the costs of the Task Force's investigation. However, on April 6, 1999, the trial court, upon joint motion of the parties, ordered the record supplemented with three pages from the sheriff's report which itemized "the restitution ordered." The record further reflects that at the sentencing hearing, the trial court originally ordered appellant to "make restitution to the Ottawa County Drug Task Force in the amount of $1,955." Later, appellant's attorney and the court engaged in the following exchange:
 "[APPELLANT'S ATTORNEY]: Your Honor, * * * the Court had stated $1,955 is the amount of the restitution. My notes show $1,855.
 "THE COURT: $1,995. I think you are correct. $1,855 is the amount stated * * * [in the Sheriff's report], and I believe the $1,955 is a typographical error. The amount of restitution is $1,855."
Upon consideration of the foregoing, this court finds that the trial court had the authority, pursuant to R.C.2923.32(B)(2)(c), to order appellant to pay restitution to the Ottawa County Drug Task Force in the amount of $1,855. Under the circumstances set forth above, a separate, formal hearing to determine the amount of restitution was unnecessary. Appellant's sole assignment of error is not well-taken. The judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 _______________________________ JUDGE
 Melvin L. Resnick, J.
_______________________________
Richard W. Knepper, J.
CONCUR.
 _______________________________ JUDGE